IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL ACTION |
| EDUARDO NAVA, | NO. 1:17-cr-347-TCB-CMS |
| Defendant. | |

## REPORT AND RECOMMENDATION AND ORDER

This case is before the Court on the following two motions filed by Defendant Eduardo Nava, Jr. ("Defendant"): (1) Motion to Dismiss the Indictment [Doc. 53]; and (2) Motion to Suppress Evidence Obtained by Wiretap or Electronic Devices [Doc. 62]. Additionally, Defendant has written a letter to the Court, which the Clerk has construed as a pro se motion. [Doc. 65]. For the reasons that follow, the pro se motion [Doc. 65] is DENIED, and I RECOMMEND that the two counseled motions [Docs. 53, 62] also be DENIED.

**I.     Defendant's pro se letter to the Court [Doc. 65]**

In his letter to the Court, Defendant expresses concern that two of the motions that his attorney filed contain an error in the caption. [Doc. 65]. Defendant is correct. The docket shows that the caption on two motions filed on April 21, 2018

have the wrong case number. [Docs. 53, 54]. But the docket also reflects that both motions were properly filed in this case despite the error. In his letter, Defendant does not request any particular relief. Instead, he appears to be concerned that the Court might not be aware of those motions. The Court indeed is aware of the motions.[1] Thus, Defendant's concerns have been addressed. To the extent Defendant seeks any particular relief via his letter, that request is **DENIED AS MOOT**.

## II.   Motion to Dismiss the Indictment [Doc. 53]

On October 10, 2017, a federal grand jury in the Northern District of Georgia returned a two-count indictment against Defendant and a woman named Gloria Serrato ("Indictment"). [Doc. 1]. Count One of the Indictment alleges that Defendant, Ms. Serrato, and "others known and unknown" conspired to knowingly and intentionally possess methamphetamine, a controlled substance, with the intent to distribute it. [Id. at 1]. Count Two alleges that on December 12, 2016, Defendant, Ms. Serrato, and "others known and unknown to the Grand Jury" knowingly and intentionally possessed methamphetamine with the intent to distribute it. [Id. at

---

[1] The motion located at Docket Entry 53 is addressed in this Report and Recommendation, and the motion located at Docket Entry 54 has been deferred to the district judge for a ruling at or near the time of trial.

2]. After the Indictment was returned, the charges against Ms. Serrato were dismissed [Doc. 48], leaving Defendant as the sole remaining defendant in the case.

In his two-page motion to dismiss, Defendant states that "one cannot aid and abet by himself," and argues that his "minimal conduct cannot establish that [he] directed, nor aided or abetted another in the commission of an unlawful offense." [Doc. 53 at 2]. It is unclear whether Defendant is challenging the conspiracy charge alleged in Count One, or the possession with intent to distribute charge alleged in Count Two, or whether he is challenging both. In an abundance of caution, and to prevent further motion practice, I will address both counts.

Federal Rule of Criminal Procedure 12(b) permits a defendant to move for dismissal of a certain charge for "failure to state an offense." Fed. R. Crim. P. 12(b)(3)(B)(v). In ruling on such a motion, "a district court is limited to reviewing the *face* of the indictment and, more specifically, the *language used* to charge the crimes." United States v. Sharpe, 438 F.3d 1257, 1263 (11th Cir. 2006) (emphasis in the original) (reversing trial court's dismissal of an indictment charging the defendants with mail fraud and conspiracy to launder proceeds of mail fraud). In ruling on a motion to dismiss, the allegations in the indictment are treated as true. See United States v. Fitapelli, 786 F.2d 1461, 1463 (11th Cir. 1986) ("In judging the

sufficiency of the indictment, the court must look to the allegations and, taking the allegations to be true, determine whether a criminal offense has been stated.").

At this stage in the case, the Court's role is limited to determining whether the indictment is legally sufficient. A legally sufficient indictment must (1) present the essential elements of the charged offense, (2) notify the accused of the charges against him, and (3) enable the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense. See United States v. Jordan, 582 F.3d 1239 (11th Cir. 2009). The Eleventh Circuit has repeatedly made the point that unlike the procedural rules governing civil cases, the Federal Rules of Criminal Procedure contain no mechanism for a pre-trial determination of the sufficiency of the evidence, and motions seeking such relief in criminal cases are improper:

> There is no summary judgment procedure in criminal cases. Nor do the rules provide for a pre-trial determination of sufficiency of the evidence. Moreover, this court is constitutionally barred from ruling on a hypothetical question. The sufficiency of a criminal indictment is determined from its face. The indictment is sufficient if it charges in the language of the statute.

U.S. v. Critzer, 951 F.2d 306, 307 (11th Cir. 1992) (per curiam).

Here, Defendant does not assert that the allegations in the Indictment fail to state the essential elements of the charged offenses, lack detail sufficient to apprise him of the charges, or present any issue regarding double jeopardy. Rather,

4

Defendant makes an argument more suited to a closing argument—that he cannot be held liable as an aider and abetter. This argument is misplaced, and the motion should be denied for failure to show any problem with the face of the Indictment. It is not for the Court to weigh the sufficiency of the evidence before the Government has had the opportunity to present its evidence.

Moreover, to the extent that Defendant seeks to dismiss Count One, the conspiracy charge, based on some failure to properly allege aider and abetter liability, the motion should be denied because Defendant is not charged in Count One with aiding and abetting. Rather, he is charged with being part of a conspiracy under 21 U.S.C. § 846 to violate 21 U.S.C. § 841(a)(1), the statute making it unlawful to knowingly or intentionally manufacture, distribute, or dispense a controlled substance. It is well-settled that a conspiracy count in an indictment may properly refer to unindicted co-conspirators. See, e.g., United States v. Daniels, 135 F. App'x 305, 308 (11th Cir. 2005) (concluding that the indictment was sufficient, despite its failure to name the co-conspirators, and noting that the defendant did not seek to obtain the names of the unindicted co-conspirators and the trial court did not order disclosure of the names); United States v. Martinez, 96 F.3d 473, 477 (11th Cir. 1996) (upholding a defendant's conviction where the indictment alleged that the defendant conspired with "unknown persons"); United States v. Trujillo, 714 F. 2d

102, n.1 (11th Cir. 1983).  Additionally, the Government states that it intends to offer evidence that Defendant conspired with a courier to possess methamphetamine, and that person's name is presently unknown to the Government.  The Government should be allowed to present this evidence to the jury.  Defendant has presented no valid basis to dismiss Count One.

In Count Two of the Indictment, the Government alleges aider and abetter liability with respect to its charge that on December 12, 2016, Defendant violated 21 U.S.C. § 841(a)(1).  The Indictment specifically references 18 U.S.C. § 2, the statute providing that a person may be punished as a principal if he aids, abets, counsels, commands, induces, or procures an offense against the United States. [Doc. 1 at 2]. Defendant cites to United States v. Martin, 747 F.2d 1404 (11th Cir. 1984) for the proposition that "one cannot aid and abet by himself."  That case, however, does not support Defendant's dismissal argument for at least two reasons.  First, Martin focused on whether a court erred in giving an aiding and abetting jury instruction based on the evidence presented at trial.  See 747 F. 2d at 1408.  In contrast, we are still at the pre-trial stage in Defendant's case, and the Government has not yet had the opportunity to provide evidence that Defendant did not act alone.  Therefore, it is premature to discuss which jury instructions may be appropriate.  Second, the indictment in Martin did not allege that the defendant committed the offense with

anyone else. In contrast, the Indictment in this case charges Defendant with committing the drug offense with "others known and unknown to the Grand Jury" and specifically references the aiding and abetting statute. [Doc. 1 at 2]. Martin simply does not support Defendant's position, and Defendant's argument that Count Two should be dismissed is without legal merit.[2] Accordingly, I recommend that Defendant's Motion to Dismiss be DENIED.

### III. Motion to Suppress Evidence Obtained by Wiretap or Electronic Devices [Doc. 62]

Defendant has also filed a Motion to Suppress Evidence Obtained by Wiretap or Electronic Devices. [Doc. 62]. In that motion, Defendant states that the Government has produced wiretap line sheets showing that Defendant (via his alleged nickname "Spooky") was a participant in calls discussing drug dealing.[3] [Id.

---

[2] In his three-page reply brief, Defendant makes additional arguments concerning whether the use of unindicted and unnamed co-conspirators in the Indictment violates the Fifth and Sixth Amendments to the Constitution. [Doc. 57 at 1-3]. These arguments are procedurally improper, having been first raised in the reply brief. Additionally, Defendant has cited no law to support his position that the Indictment is subject to dismissal based on references to unindicted co-conspirators.

[3] In the fact section of his brief, Defendant states that the Government also obtained "various search warrants . . . for geo-location data." [Doc. 62 at 1]. Defendant, however, does not state that he is challenging any particular warrant, does not identify which warrant he might be challenging, does not attach a copy of any warrant or application, and does not make any argument about why the fruits of any warrant might be subject to suppression. To the extent Defendant seeks to suppress any search warrant, such motion should be denied.

at 1-2]. Defendant did not attach a copy of the wiretap application about which he is complaining or the line sheets showing the specific statements, but it appears that the wiretap communications that Defendant seeks to suppress relate to a phone used by a man named Ricardo Silva and assigned the phone number (470) 494-7938. It also appears that Defendant was incarcerated and using a contraband cellphone at the time the calls were recorded. [Id. at 3-4; Doc. 64 at 1-2]. Defendant argues that the (unspecified) wiretap communications should be suppressed because he was not specifically named in the wiretap application for Mr. Silva's phone. [Doc. 62 at 4-5].

Wiretap authorizations are governed by the Omnibus Crime Control and Safe Streets Act, 18 U.S.C. §§ 2510–2522 ("Title III"). That statute provides:

> Any aggrieved person . . . may move to suppress the contents of any wire or oral communication intercepted pursuant to this chapter, or evidence derived therefrom, on the grounds that—
>
>     (i)    the communication was unlawfully intercepted;
>
>     (ii)    the order of authorization or approval under which it was intercepted is insufficient on its face; or
>
>     (iii)    the interception was not made in conformity with the order of authorization or approval.

18 U.S.C. § 2518(10)(a). An "aggrieved person" means a person "who was a party to any intercepted wire, oral, or electronic communication or a person against whom

the interception was directed." 18 U.S.C. § 2510(11). The term "oral communication" is defined as an "oral communication uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation . . . ." 18 U.S.C. § 2510(2). In his motion, Defendant argues that he has standing to challenge the wiretap of Mr. Silva's phone because Defendant is an "aggrieved person" to the extent that he was a participant on the recorded calls. Defendant, however, does not address whether the challenged statements qualify as "oral communications" under Title III, i.e., whether he made the statements with a justifiable expectation that the calls were not subject to interception. As explained below, even assuming Defendant is an "aggrieved person" under the statute, his statements from prison do not qualify as "oral communications," and therefore he cannot move to suppress them. See 18 U.S.C. § 2518(10)(a).

In United States v. McKinnon, the Eleventh Circuit was presented with a challenge under both Title III and the Fourth Amendment. United States v. McKinnon, 985 F.2d 525, 527 (11th Cir. 1993). In that case, McKinnon sought to suppress a tape recording of a pre-arrest conversation that occurred while he was in the back seat of a police car. The Government argued that the conversation did not constitutan an "oral communication" as defined in 18 U.S.C. § 2510(2) because

McKinnon had no reasonable or justifiable expectation of privacy when he engaged in the conversation. After examining both the statutory language and the legislative history of Title III, the Eleventh Circuit concluded that courts should apply the same standards used in Fourth Amendment jurisprudence (specifically Katz v. United States, 389 U.S. 347 (1967)) to determine whether a statement qualifies as an "oral communication" under Title III. See McKinnon, 985 F.2d at 527. Thus, to challenge the admissibility of evidence under Title III, a defendant must show that the government action invaded a justifiable, reasonable, or legitimate expectation of privacy. Id.

Here, Defendant has failed to demonstrate—or even argue—that he had a reasonable or legitimate expectation of privacy in his telephone conversations on a contraband phone while he was incarcerated. If there is no reasonable expectation of privacy in statements made (and recorded) in the back seat of a police car, there surely can be no expectation of privacy in statements made on a contraband phone from a prison cell. See Hudson v. Palmer, 468 U.S. 517, 526-27 (1984) (holding that when an inmate is in his cell, he retains no right of privacy entitling him to the protection of Fourth Amendment). Accordingly, I recommend that Defendant's Motion to Suppress Evidence Obtained by Wiretap or Electronic Devices be DENIED.

## IV. CONCLUSION

Defendant's pro se Motion for Review [Doc. 65] is **DENIED** for the reasons stated in Part I above.

For the reasons stated in Parts II and III above, I **RECOMMEND** that Defendant's Motion to Dismiss [Doc. 53] be **DENIED** and that his Motion to Suppress Evidence Obtained by Wiretap or Electronic Devices [Doc. 62] be **DENIED**.

I have now addressed all referred pretrial matters and have not been advised of any impediments to the scheduling of a trial. Accordingly, this case is **CERTIFIED READY FOR TRIAL**.

**SO ORDERED and RECOMMENDED**, this 9th day of August, 2018.

_Catherine Salinas_
CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE