IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> EDUARDO NAVA, <br><br> Defendant. | CRIMINAL ACTION FILE <br><br> NUMBER 1:17-cr-347-TCB-1 |

**O R D E R**

This case comes before the Court on Magistrate Judge Catherine M. Salinas's Final Report and Recommendation (the "R&R") [67] which recommends denying Defendant Eduardo Nava's motion [53] to dismiss the indictment and motion [62] to suppress evidence. Nava has filed objections to the R&R [71].

Nava and Gloria Serrato initially were charged in a two-count indictment.[1] Count one alleges that Nava, Serrato, and "others known

---

[1] The Government later moved [48] to dismiss all charges against Serrato.

and unknown" conspired to knowingly and intentionally possess methamphetamine, a controlled substance, with the intent to distribute it. Count two alleges that on December 12, 2016, Nava, Serrato, and "others known and unknown to the Grand Jury" knowingly and intentionally possessed methamphetamine with the intent to distribute it. Nava objects to the conclusions reached by the magistrate judge.

## I. Legal Standard on Review of a Magistrate Judge's R&R

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir. Unit B 1982)). This review may take different forms, however, depending on whether there are objections to the R&R. The district judge must "make a de novo determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1)(C). In contrast, those portions of the R&R to which no objection is made need only be reviewed for "clear error." *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam) (quoting

*Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005)).[2]

"Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles*, 677 F.2d at 410 n.8. "This rule facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act." *Id.* at 410.

After conducting a complete and careful review of the R&R, the district judge "may accept, reject, or modify" the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1)(C); *Williams*, 681 F.2d at 732. The district judge "may also receive further evidence or

---

[2] *Macort* dealt only with the standard of review to be applied to a magistrate's factual findings, but the Supreme Court has indicated that there is no reason for the district court to apply a different standard to a magistrate's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, district courts in this circuit have routinely reviewed both legal and factual conclusions for clear error. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373–74 (N.D. Ga. 2006) (collecting cases). This is to be contrasted with the standard of review on appeal, which distinguishes between the two. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (holding that when a magistrate's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a "plain error standard" while questions of law always remain subject to de novo review).

recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

## II. Nava's Objections to the R&R

Nava objects to two of the conclusions in the R&R. Specifically, he objects to the conclusions that (1) the Government's failure to identify alleged co-conspirators in the indictment does not warrant dismissal of the counts; and (2) the Government's failure to identify him in its wiretap applications does not warrant suppression of the wiretap communications. As such, the Court will consider these questions de novo.

### A. Indictment

Nava argues that because no co-conspirators were named in the indictment, he could not have committed drug offenses with "others known and unknown" as charged in the indictment. However, as the R&R points out, Nava fails to show any problem with the face of the indictment. His argument is more suited to a closing argument, but is not properly considered at this stage. *See United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992) (per curiam).

4

Also, as the R&R points out, Nava is not charged in count one with aiding and abetting, but with being part of a conspiracy. A conspiracy count in an indictment may refer to unindicted co-conspirators. *See, e.g.*, *United States v. Daniels*, 135 F. App'x 305, 308 (11th Cir. 2005).

Even count two, which does charge Nava with aider and abetter liability, is not subject to dismissal. In his objections, Nava cites *United States v. Masson*, 582 F.2d 961, 963 (5th Cir. 1978), for the proposition that a defendant must aid or abet or procure someone else to commit a substantive offense. However, this is not a situation in which the indictment charged Nava with acting single-handedly. Rather, it charged him with acting with Serrato and others known and unknown. *Masson* does not support Nava's position. This objection is overruled.

### B.    Wiretap Application

Relying on *United States v. Donovan*, 429 U.S. 413 (1977), and 18 U.S.C. § 2518(4), Nava argues that he must be named in relevant wiretap applications. The Government's failure to do so, he contends, warrants exclusion of evidence seized by the wiretap.

5

Nava fails, however, to address the R&R's explanation that even assuming Nava is an "aggrieved person" under the governing statute, 18 U.S.C. § 2510, his statements from prison do not qualify as "oral communications," so he cannot move to suppress them. Specifically, Nava fails to argue in his objections that he had any reasonable or legitimate expectation of privacy on a contraband phone from a prison cell. *See United States v. McKinnon*, 985 F.2d 525, 527 (11th Cir. 1993) (holding that to qualify as an "oral communication," the defendant must have had a reasonable, justifiable, or legitimate expectation of privacy when he engaged in the conversation). This objection is therefore overruled.

### III. Conclusion

The Court has carefully reviewed the R&R and Nava's objections thereto. Having done so, the Court finds no clear error in the portions of the R&R not objected to. *Macort*, 208 F. App'x at 784. Further, the Court finds that Magistrate Judge Salinas's factual and legal conclusions were correct and that Nava's objections have no merit.

Therefore, the Court adopts as its Order the R&R [67]. Nava's motion [53] to dismiss the indictment and motion [62] to suppress are denied.

IT IS SO ORDERED this 12th day of September, 2018.

_____
Timothy C. Batten, Sr.
United States District Judge